# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| VANCE CLARK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:19CV823 HEA |
| | ) |
| ANN L. MELL and SALAM A. AL-YASIRY | ) |
| | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This case is before the Court on Defendant Ann L. Mell's Motion to Dismiss, [Doc. No. 7] and Defendant Al-Yasiry's Motion to Dismiss, [Doc. No. 13].[1] For the reasons set forth below, the Motions will be granted.

### Facts and Background

On March 11, 2019, Plaintiff, acting pro se, filed this lawsuit in the St. Francois County, Missouri, Circuit Court against Defendants concerning a property Plaintiff purchased in 2009 using a loan from the United States Department of Agriculture, ("USDA"). Defendant Mell subsequently removed this case to federal court pursuant to 28 U.S.C. §1442(a)(1).

In November 2009, Plaintiff purchased property located at 3416 Hildebrecht Road, Doe Run, Missouri 63637 (the "Hildebrecht Property"). To finance the

---

[1] Plaintiff has filed a number of Motions. In that all Defendants are dismissed from this action, Plaintiff's Motions are rendered moot.

purchase, Plaintiff sought and obtained a $122,000 loan from the USDA. Plaintiff executed a Deed of Trust in favor of the USDA, which the USDA recorded with the St. Francois County Recorder of Deeds at Document No. 2009R-10926, and re-recorded at Document 2010R-00327.

As a condition of the loan, Plaintiff was required to obtain property insurance. Plaintiff applied for and received a homeowner's insurance policy from Farm Bureau Town and Country Company of Missouri (hereinafter, "Farm Bureau"). In September 2010, the Hildebrecht Property suffered damage from fire. Plaintiff submitted a claim to Farm Bureau, which denied coverage.

On December 28, 2010, Farm Bureau filed a lawsuit in Missouri state court naming Plaintiff and the USDA. *See* Mo. Case No. 10SF-CC00289 (St. Francois County) (the "Farm Bureau Lawsuit"). Farm Bureau alleged that on the application for insurance, Plaintiff concealed the fact that he had prior felony convictions. Farm Bureau alleged that the USDA, as the mortgagee on the Hildebrecht Property, was "subject to the same terms, exclusions, and conditions that apply to the named insured." The United States counter-claimed, alleging Farm Bureau owed the United States for the property loss under the homeowner's policy because the United States was the mortgagee on the property.

Farm Bureau and the USDA settled the claims between them, whereby Farm Bureau agreed to pay the USDA an undisclosed amount of money. On February

21, 2014, the USDA and Farm Bureau agreed to a voluntary dismiss the USDA from the Farm Bureau Lawsuit.

The USDA applied the settlement proceeds to the outstanding balance of Plaintiff's loan, although the settlement was insufficient to satisfy the outstanding principal balance. Farm Bureau is still prosecuting the Farm Bureau Lawsuit against Plaintiff in the state court.

Plaintiff stopped making payments to the USDA on the remaining balance of the $122,000 loan. On February 21, 2012, the USDA sent via certified mail an acceleration letter pursuant to the promissory note signed by Plaintiff, demanding full payment of the outstanding loan balance and accrued interest. When Plaintiff failed to comply, the USDA contacted the caretaker of Plaintiff's property, notifying him that the USDA intended to foreclose on Plaintiff's property.

On April 30, 2018, the Substitute Trustee under the Deed of Trust conducted a foreclosure sale of the Hildebrecht Property. The foreclosure sale netted a total of eleven thousand dollars ($11,000.00) in proceeds. Because the foreclosure sale did not satisfy the outstanding principal balance on the loan, there were no excess proceeds to remit to Plaintiff.

This suit was brought against Defendants Ann L. Mell, Substitute Trustee and Salam A. Al-Yasiry, purchaser of the property at the foreclosure sale.

Plaintiff raises six counts in his petition. In Count I Plaintiff requests declaratory and injunctive relief seeking a determination that the foreclosure sale of the Hildebrecht Property was improper and that Defendant Mell did not have authority as Substitute Trustee under the deed of trust to conduct the foreclosure sale. Count II seeks to quiet title in his favor of the property. Count III alleges Defendant Mell was negligent by foreclosing on the property. Count IV alleges that Defendant Mell breached her fiduciary duty to him by foreclosing on the Hildebrecht Property. In Count V, Plaintiff alleges Defendant Mell wrongfully foreclosed the Property. Count VI, Plaintiff alleges that both defendants acted willfully, wantonly and maliciously in that they knew or should have known of their lack of "legal standing and/or lack of interest in the Hildebrecht Property prior to and following the Trustee's Sale."

Defendant Mell moves to dismiss for lack of subject matter jurisdiction. Defendant Mell moves to dismiss for lack of subject matter jurisdiction and for failure to state a claim. Defendant Al-Yasiry moves, *pro se* to dismiss on the same grounds.

## Legal Standards

**Subject Matter Jurisdiction**

"In order to properly dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the

factual truthfulness of its averments." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993) (*Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990)). "In a facial challenge to jurisdiction, the court presumes all of the factual allegations concerning jurisdiction to be true and will grant the motion only if the plaintiff fails to allege an element necessary for subject matter jurisdiction." *Young Am. Corp. v. Affiliated Comput. Servs.,* 424 F.3d 840, 843-44 (8th Cir. 2005) (citing *Titus*, 4 F.3d at 593). In a factual challenge to jurisdiction, "there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Osborn*, 918 F.2d at 730. "In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Iowa League of Cities v. EPA*, 711 F.3d 844, 861 (8th Cir. 2013) (citing *Osborn*, 918 F.2d 724, 730). The plaintiff has the burden of proving jurisdiction exists. *Kennedy Bldg. Assocs. v. Viacom, Inc.*, 375 F.3d 731, 745 (8th Cir. 2004) (citing *Cty. of Los Angeles v. Davis*, 440 U.S. 625, 631, 99 S.Ct. 1379, 59 L.Ed.2d 642 (1979)). "Once the evidence is submitted, the district court must decide the jurisdictional issue, not simply rule that there is or is not enough evidence to have a trial on the issue." *Osborn*, 918 F.2d at 730.

"Jurisdictional issues, whether they involve questions of law or of fact, are for the court to decide." *Id.* at 729. "Moreover, because jurisdiction is a threshold

question, judicial economy demands that the issue be decided at the outset rather than deferring it until trial, as would occur with denial of a summary judgment motion." *Id.*

In "a factual attack on the jurisdictional allegations of the complaint, the court may receive competent evidence such as affidavits, deposition testimony, and the like in order to determine the factual dispute." *Id.* In a factual challenge, "no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist." *Id.* at 729 (citation omitted).

**Sovereign Immunity**

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). "Sovereign immunity is jurisdictional in nature. Indeed, the terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit." *Id.* (citation omitted).

"A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text and will not be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citation omitted). "To sue the United States, [the plaintiff] must show both a waiver of sovereign immunity and a grant of subject

matter jurisdiction." *VS Ltd. P'ship v. Dept. of Housing & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000). If sovereign immunity applies, the Court lacks subject matter jurisdiction, and the matter must be dismissed without prejudice. *Roth v. United States*, 476 F. App'x 95, 95 (8th Cir. 2012).

**Failure to State a Claim—Fed. R. Civ. P. 12(b)(6)**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy this requirement, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Corrado v. Life Inv'rs Ins. Co. of Am.*, 804 F.3d 915, 917 (8th Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678), *cert. denied*, 135 S. Ct. 2941 (2015). The complaint's factual allegations must be "sufficient to 'raise a right to relief above the speculative level.'" *McDonough v. Anoka Cty.*, 799 F.3d 931, 946 (8th Cir. 2015) (quoting *Twombly*, 550 U.S. at 555). The Court must accept factual allegations as true, but it is not

required to accept any "legal conclusion couched as a factual allegation." *Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 373 (8th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678). Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ash v. Anderson Merchandisers, LLC*, 799 F.3d 957, 960 (8th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678), *cert. denied*, 136 S. Ct. 804 (2016).

On a motion to dismiss, courts must rule "on the assumption that all the allegations in the complaint are true," and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 555, 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "Determining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Mickelson v. Cty. of Ramsey*, 823 F.3d 918, 923 (8th Cir. 2016) (alteration in original) (quoting *Iqbal*, 556 U.S. at 679).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must set forth a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). This standard does not require detailed factual allegations, but it demands more than an unadorned accusation. *Iqbal*, 556 U.S. at 678. For the purposes of a motion to dismiss a court must take all the factual allegations in the

complaint as true, but is not bound to accept as true a legal conclusion couched as a factual allegation. *Twombly*, 550 U.S. at 555.

## Discussion

**Defendant Mell in her Official Capacity**

Defendant Mell in her official capacity are protected by sovereign immunity. Plaintiff has failed to identify any applicable statute in which sovereign immunity Defendant Mell in her official capacity. *See, e.g., Kriegel v. U.S. Dept. of Agric.*, No. 2:17-CV-00216-D-BP, 2018 WL 3598774, at *2 (N.D. Tex. June 29, 2018) (recommending dismissal of claims against USDA based on sovereign immunity, because "Plaintiff has not alleged or otherwise shown that Congress has waived the Defendants' sovereign immunity as to the claims asserted in his Complaint"), Report and Recommendation adopted, No. 2:17-CV-216-D, 2018 WL 3586401 (N.D. Tex. July 25, 2018) (dismissing claims against USDA) .

The claims against Defendant Mell in her official capacity, are dismissed from this action.

**Defendant Mell in her Individual Capacity**

Defendant Mell argues that the claims against her in her individual capacity are barred by the doctrine of *res judicata*.

The principle of *res judicata* precludes "the relitigation of a claim on grounds that were raised or could have been raised in the prior action." *Lane v.*

*Peterson*, 899 F.2d 737, 741 (8th Cir. 1990). Res judicata, or claim preclusion, applies against parties who participated in prior proceedings and "had a full and fair opportunity to litigate the matter in the proceeding that is to be given preclusive effect." *Regions Bank v. J.R. Oil Co., LLC*, 387 F.3d 721, 731 (8th Cir. 2004) (quoting *Costner v. URS Consultants, Inc.*, 153 F.3d 667, 673 (8th Cir. 1998)). Under claim preclusion, a final judgment bars any subsequent suit where "(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action." *Costner*, 153 F.3d at 673. The Eighth Circuit interprets the phrase "the same claims or causes of action" to mean claims that arise out of the same nucleus of operative facts as the prior claim. *Banks v. Int'l Union EETSM Workers*, 390 F.3d 1049, 1052 (8th Cir. 2004) (adopting the position of the Restatement (Second) of Judgments, § 24).

The record before the Court establish that all of the factors are present such that Plaintiff is barred by *res judicata* from challenging the foreclosure of the Hildebrecht Property. First, Plaintiff's earlier claim involved the same circumstances. Second, Plaintiff's claim also involves the same parties or their privies. Third, there was a final judgment on the merits. And fourth, Plaintiff had a full and fair opportunity to challenge the foreclosure. Having had a sufficient

chance to litigate the issues in the earlier action, Plaintiff is now barred from further challenging the foreclosure.

**Defendant Al-Yasiry's Motion to Dismiss**

Plaintiff names Defendant Al-Yasiry in Counts II (quiet title) and VI (willful, wanton and malicious conduct). Although Defendant Al-Yasiry was not a party to the original suit, he is in privity with the mortgagee as the successor in interest. Defendant Al-Yasiry obtained his interest from the Successor Trustee in the foreclosure sale, a party in the original suit and in the foreclosure action. Defendant's interests are aligned with those of Defendant Mell and the U.S. Department of Agriculture. Defendant Al-Yasiry therefore satisfies the privity requirement. *See Butler v. Fed. Nat. Mortg. Ass'n*, 12–2967 SRN/TNL (Doc. No. 26), 2013 WL 2415701 (D.Minn., May 15, 2013) *aff'd Butler v. Federal National Mortgage Ass'n*, 8th Cir. No. 13–2081 (Feb. 12, 2014) (privity exists for successors in interest to those having derivative claims).

## Conclusion

Based upon the foregoing analysis, the Motions to Dismiss are well taken. This action will be dismissed.

Accordingly,

**IT IS HERBY ORDERED** that Defendant Ann L. Mell's Motion to Dismiss, [Doc. No. 7], is granted.

**IT IS FURTHER** ORDERED that Defendant Salam A. Al-Yasiry's Motion to Dismiss, [Doc. No. 13], is granted.

**IT IS FURTHER ORDERED** that this matter is dismissed.

Dated this 4th day of October, 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE