UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| VANCE CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19CV823 HEA |
| | ) | |
| ANN L. MELL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion For Reconsideration, [Doc. No. 31]. Defendant Mell opposes the Motion. For the reasons set forth below, the Motion is denied.

On October 4, 2019, the Court entered its Opinion, Memorandum and Order in which Defendants' Motions to Dismiss were granted. Plaintiff now seeks reconsideration under Federal Rules of Civil Procedure, Rules 54(b) and 60. In his reply, Plaintiff attempts to abandon his claim for reconsideration under Rule 60 and argues that Rule 54(b) allows this motion to reconsider.

Rule 54(b) provides:

**Rule 54. Judgment; Costs**

(b) JUDGMENT ON MULTIPLE CLAIMS OR INVOLVING MULTIPLE
    PARTIES.

1

> When an action presents more than one claim for relief—
> whether as a claim, counterclaim, crossclaim, or third-party
> claim—or when multiple parties are involved, the court may direct
> entry of a final judgment as to one or more, but fewer than
> all, claims or parties only if the court expressly determines that
> there is no just reason for delay. Otherwise, any order or other decision,
> however designated, that adjudicates fewer than all the
> claims or the rights and liabilities of fewer than all the parties
> does not end the action as to any of the claims or parties and may
> be revised at any time before the entry of a judgment adjudicating
> all the claims and all the parties' rights and liabilities.

Plaintiff does not address the requirement under Rule 54(b) that fewer than all claims have yet to be resolved. In the Opinion, Memorandum and Order of October 4, 2019, the Court dismissed all Defendants. In any event, whether the Motion is based on Rule 54(b) or Rule 60, Plaintiff is not entitled to reconsideration.

The Eighth Circuit instructs that "motions to reconsider are 'nothing more than Rule 60(b) motions when directed at non-final orders.'" *Nelson v. Am. Home Assur. Co.*, 702 F.3d 1038, 1043 (8th Cir. 2012) (quoting *Elder–Keep v. Aksamit,* 460 F.3d 979, 984 (8th Cir. 2006). Federal Rule of Civil Procedure 60 allows a district court to relieve a party from a judgment on the narrow grounds of mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; fraud, misrepresentation, or misconduct by an opposing party; voidness; satisfaction of judgment; or "any other reason justifying relief from the operation of the

judgment." Fed. R. Civ. P. 60(b).

"Rule 60(b) authorizes relief in only the most exceptional of cases." *In re Guidant Corp. Implantable Defibrillators Products Liab. Litig.*, 496 F.3d 863, 866 (8th Cir. 2007).

The purpose of Rule 60(b) relief is not to give parties an opportunity to re-argue their case. *Fox v. Brewer*, 620 F.2d 177, 180 (8th Cir. 1980); *Nichols v. United States*, No. 4:00cr-00022-003-WRW, 2006 WL 3420303 (E.D. Ark. Nov. 28, 2006). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010). They are not to be used to "introduce new evidence that could have been adduced during pendency" of the motion at issue. *Id.* A motion for reconsideration is also not the appropriate place to "tender new legal theories for the first time." *Id.* In other words, a motion for reconsideration should be denied absent "(1) a showing of manifest error in the prior ruling; or (2) a showing of new facts or legal authority, neither of which could have been brought to the court's attention earlier with reasonable diligence." *Activision TV, Inc. v. Bruning*, 8:13CV215, 2014 WL 1350278, at *1 (D. Neb. Apr. 4, 2014) (collecting cases).

District courts will ordinarily deny a motion for reconsideration unless the

party demonstrates a showing of manifest error in the prior ruling or demonstrates new facts or legal authority that the party could not have previously produced with reasonable diligence to the court. *ElderBKeep v. Aksamit*, 460 F.3d 979, 988 (8th Cir.2006); *Monsanto Co. v. E.I. Dupont de Nemours & Co.*, 2011 WL 322672 at *4 (E.D.Mo. Jan.31, 2011); *Arnold v. ADT Sec. Services, Inc.*, 627 F.3d 716, 721 (8th Cir.2010). A motion to reconsider cannot be used to raise arguments which could have been raised prior to the issuance of judgment. *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir.1988). District courts have broad discretion in determining whether to reconsider judgment. *Hagerman,* 839 F.2d at 413.

In his Motion, Plaintiff attempts to persuade the Court to grant relief from its order of dismissal. Plaintiff again reargues the same arguments he has previously presented. His reliance on the Federal Tort Claims Act is misplaced in this action claiming Defendants acted improperly in the foreclosure proceedings. Nothing has changed, and Plaintiff has failed to demonstrate that the reasons for dismissal were in error.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Reconsider [Doc.

No.31] is denied.

Dated this 2nd day of April, 2020.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE